```
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF FLORIDA

                            CASE NO. 10-61830-Civ-COHN
                            MAGISTRATE JUDGE P.A. WHITE

DARRELL PRESCOTT,           :

     Petitioner,            :

v.                          :     REPORT OF
                                  MAGISTRATE JUDGE
EDWIN G. BUSS[1],           :

     Respondent.            :
_____
```

## I. Introduction

Darrell Prescott, who is presently confined at South Bay Correctional Institution in South Bay, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence for fleeing or attempting to elude a law enforcement officer in case number 06-6207-CF10A, entered in the Seventeenth Judicial Circuit Court for Broward County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus, Prescott's memorandum regarding the limitations period, the Respondent's response to an order to show cause with an appendix of exhibits, and Prescott's reply.

---

[1] Edwin G. Buss replaced Walter A. McNeil as Secretary of the Florida Department of Corrections and is substituted as party pursuant to Fed.R.Civ.P. 25(d).

1

## II. Procedural History

On July 3, 2006, Prescott was charged by information with aggravated assault (Count 1) and fleeing or attempting to elude a law enforcement officer(Count 2). (DE# 13-1, p. 7-8). After a jury trial Prescott was acquitted of Count 1 and found guilty of Count 2. (DE# 13-1, p. 11-12). On May 1, 2008, he was adjudicated guilty of Count 2 and sentenced to a term of 55 months imprisonment. (DE# 13-1, p. 4-5, 13-15).

Prescott appealed his conviction. (DE# 13-1, p. 17). However, prior to filing his initial brief Prescott filed a motion to correct a sentencing error. (DE# 13-1, p. 18-19). In this motion Prescott argued that the trial court's oral pronouncement of sentence differed from the written sentence. He argued that the trial court orally pronounced a sentence of 54 months but imposed a sentence of 55 months in the written sentencing order. The trial court denied the motion finding that it had denied a motion for downward departure. (DE# 13-1, p. 61-62). The trial court further found that a typographical error resulted in the sentencing transcript indicating an oral pronouncement of a 54-month sentence. The court found that the sentence reflected on the written order was correct. The denial of the motion to correct sentencing error was not appealed.

Prescott raised a single issue in appealing his conviction. (DE# 13-2, p. 2-18). He argued that the trial court erred in denying his request for a special jury instruction. Prescott contended that the trial court should have altered the standard jury instruction for fleeing or attempting to elude a law enforcement officer, changing the word "directed" to "ordered". On December 23, 2009, the Fourth District Court of Appeal affirmed

Prescott's conviction. (DE# 13-2, p. 39-40). The Fourth District found that the trial court had not abused its discretion in denying the special instruction and that the words "ordered" and "directed" as used in the standard instruction were synonymous. No further review was sought beyond the Fourth District.

On July 27, 2010, Prescott filed a petition for writ of habeas corpus in the Fourth District alleging ineffective assistance of appellate counsel for failing to include the denial of the motion to correct sentencing error in the initial appeal. (DE# 13-2, 44-49). On August 24, 2010, the petition was denied on the merits. (DE#13-2, p. 50). The Fourth District found that the trial court resolved the factual discrepancy between the oral and written sentences.

Prescott filed the instant petition on September 28, 2010.[2] He raises two claims. He contends that (1) he was denied due process when the trial court denied his specially requested jury instruction; and (2) appellate counsel was ineffective for failing to appeal the denial of his motion to correct sentencing error.

### III. Statute of Limitations and Exhaustion

The State properly concedes that the petition is timely. The state also concedes that Prescott has exhausted his state remedy with regard to both claims.

### IV. Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in

---

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and

4

convincing evidence. See 28 U.S.C. § 2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

## V. Discussion

Prescott's first claim is that the trial court denied him due process when it denied his request for a special jury instruction on the charge of fleeing or attempting to elude a law enforcement officer. At trial Prescott argued that the word "directed" should be replaced with the word "ordered" in a portion of the jury instruction in order to match the elements of the crime.

The standard jury instruction for the crime of fleeing or attempting to elude a law enforcement officer is as follows:

> 1. [Defendant] was operating a vehicle upon a street or highway in Florida.
>
> 2. A duly authorized law enforcement officer **ordered** the defendant to stop or remain stopped.
>
> 3. [Defendant], knowing [he][she] had been **directed** to stop by a duly authorized law enforcement officer ... willfully refused or failed to stop the vehicle in compliance with the order.

Fla. Std. Jury Instr. (Crim.) 28.6 (emphasis added). Florida Statutes provides that "[i]t is unlawful for the operator of any vehicle, having knowledge that he or she has been **ordered** to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order." § 316.1935(1), Fla. Stat. (2006).

Prescott's argument below urged the court to find that the use of the word "directed" rather than "ordered" in the standard instruction deprived him of due process because it broadened the scope of the crime. The court found that, as used in the

5

instructions, the two words were synonymous. The court in finding that the trial court did not abuse its discretion cited <u>Duncan v. State</u>, 986 So.2d 653, 656 (Fla. 4th DCA 2008), noting that "an appellate court will not reverse a trial court's decision regarding jury instructions absent a prejudicial error that would result in a miscarriage of justice".

In seeking to collaterally attack his state court conviction based upon an allegedly erroneous jury instruction Prescott carries a heavy burden. <u>See</u> <u>Henderson v. Kibbe</u>, 431 U.S. 145, 154 (1977). "The question in such a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process', not merely whether 'the instruction is undesirable, erroneous, or even 'universally condemned,'" ." <u>Id.</u> (internal citations omitted).

The Fourth District's finding that the denial of the specially requested instruction did not result in a miscarriage of justice establishes that it made its ruling in conformity with controlling Supreme Court precedent. The court properly found that the denial of the requested instruction did not prejudice Prescott. The second sentence of the instruction required the jury to find that Prescott had been ordered to stop. Thus this element was clearly defined to the jury. The use of the language of the standard jury instruction in the third sentence required that the jury find that Prescott knew he had been directed to stop. The essential element of the third instruction is the knowledge requirement. The instruction clearly required the jury to find that Prescott had knowledge that he had been told to stop. It is not reasonable to conclude that the use of the word "directed" in lieu of the word "ordered" resulted in a conviction that violates due process. The state court's finding on this claim is not contrary to or an unreasonable

application of controlling Supreme Court precedent. This claim should be denied.

In his second claim, Prescott contends that appellate counsel was ineffective for failing to raise the denial of the motion to correct sentencing error on direct appeal. He argues that had counsel raised this issue, the appellate court would have reversed his sentence and that his sentence would have been reduced by one month. The Fourth District found that counsel was not ineffective for failing to raise this issue. The Fourth District found that the issue of the alleged sentencing error had been addressed and corrected by the trial court.

The United States Supreme Court clearly established the law governing such claims in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. Id. at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id.

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is

fatal and makes it unnecessary to consider the other. <u>Strickland</u>, 466 U.S. at 697.

Combining AEDPA's habeas standard and <u>Strickland's</u> two-pronged test provides the relevant inquiry in this case. To obtain habeas relief, Prescott must show the state court "applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner" when it rejected his claims of ineffective assistance of counsel. <u>Bell v. Cone</u>, 535 U.S. 685, 699 (2002).

The trial court, in ruling on the motion to correct sentencing error, made a factual finding that the transcript was incorrect regarding the oral pronouncement of sentence. This finding is supported by the record. At the sentencing hearing it was established that the minimum guidelines sentence was 54.9 months. Although Prescott sought a downward departure, the trial court was clear that no downward departure would be granted. The only way the trial court could have imposed a sentence of 54 months would have been if it granted Prescott a downward departure. Therefore, the trial court's factual finding, that the transcript included a typographical error, was not clearly erroneous. The trial court determined this issue within the parameters provided by the Florida Supreme Court for adjudicating such claims. <u>See</u> <u>Williams v. State</u>, 957 So.2d 600, 604-05 (Fla 2007)("when a claim of a conflict is asserted, trial courts should be able to determine by an examination of the record of the sentencing proceeding, but without the need for an evidentiary hearing, whether the written sentence conforms with the oral pronouncement and rule accordingly").

In light of the trial court's proper determination of this issue there was simply no grounds to pursue this claim on appeal and counsel's performance was not deficient for failing to raise

8

it. See Knowles v. Mirzayance, -- U.S. --, --, 129 S.Ct. 1411, 1422 (2009) (the law does not require counsel to raise every available non-frivolous defense). See generally Chandler v. Moore, 240 F.3d 907, 917 (11 Cir.2001) (counsel is not ineffective for failing to raise a non-meritorious objection). Because the issue was without merit, even if counsel had raised this issue there is no reasonable likelihood that the appellate court would have reversed Prescott's sentence. Thus Prescott cannot establish either the performance or prejudice prong of Strickland, and this claim should be denied.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 8th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Darrell Prescott, pro se
    DC#097178
    South Bay Correctional Facility
    600 U.S. Highway 27 South
    South Bay, FL 33493

    Mark J. Hamel, AAG
    Office of the Attorney General
    1515 North Flagler Drive
    Suite 900
    West Palm Beach, FL 33401-2299